UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DARYL L. MASEY,
individually and on behalf of
all others similarly situated,

        Plaintiff,

v.                                    Case No. 8:06-cv-1713-T-24-EAJ

HUMANA, INC. and
CAREMARK RX, INC.,

        Defendants.
_____/

**O R D E R**

This cause comes before the Court for consideration of Defendant Humana, Inc.'s Motion to Dismiss (Doc. No. 43), Plaintiff's Response in Opposition to Defendant's Motion to Dismiss (Doc. No. 44), Defendant Caremark Rx, Inc.'s Motion to Dismiss (Doc. No. 57), and Plaintiff's Response in Opposition to Defendant's Motion to Dismiss (Doc. No. 60). These motions were considered by the United States Magistrate Judge pursuant to an order of referral. (Doc. No. 73.) Magistrate Judge Jenkins heard oral argument on the motions on July 17, 2007. (Doc. No. 83.)

Thereafter, Magistrate Judge Jenkins filed her Report and Recommendation, recommending that Defendant Humana, Inc.'s Motion to Dismiss be granted as to Counts I and II of Plaintiff's Amended Complaint, and denied as to Counts III and IV. (Doc. No. 85.) She further recommended that Defendant Caremark Rx, Inc.'s Motion to Dismiss be granted as to Count V, but that Plaintiff be permitted to file an amended complaint within 20 days after the Court's dismissal of Count V. All parties were furnished copies of the Report and

Recommendation on August 16, 2007, and were afforded the opportunity to file objections pursuant to 28 U.S.C. § 636(b)(1). Defendants Humana, Inc. and Caremark Rx, Inc. filed Partial Objections to the Magistrate's Report on August 30, 2007. (Doc. Nos. 86, 87.) Plaintiff Masey filed a Memorandum in Opposition to Defendants' Objections to the Report and Recommendation on September 17, 2007.[1] (Doc. No. 88).

Upon consideration of the Report and Recommendation, Defendants' Partial Objections, and Plaintiff's Memorandum in Opposition to the Objections, and upon this Court's independent examination of the file, it is determined that the Report and Recommendation should be adopted except to the extent that Magistrate Judge Jenkins recommended that the motions to dismiss be denied as to Counts III and IV, and granted with leave to amend as to Count V.[2] As explained below, the Court concludes that these claims are "inextricably intertwined" with a claim for Medicare benefits, and therefore, Plaintiff was required to exhaust her administrative remedies before seeking judicial review. Because Plaintiff did not exhaust her administrative remedies, these claims too must be dismissed.

Plaintiff, an enrollee in Defendant Humana, Inc.'s ("Humana") Medicare Advantage health care plan, was treated for breast cancer in 2006 with chemotherapy. Plaintiff alleges that her chemotherapy drugs should have been covered under Medicare Part B, which covers 100 percent of the costs of the drugs, but that Humana incorrectly characterized the drugs as covered by Medicare Part D. Because Humana incorrectly designated the drugs, Plaintiff contends that

---

[1] Notably, Plaintiff does not oppose the dismissal of Counts I and II of her amended complaint, and argues that the Court should adopt the Report and Recommendation in full.

[2] Specifically, the Court declines to adopt Parts C (2), C (3), and E of the Report and Recommendation.

Humana improperly required her to pay for these drugs. Plaintiff further alleges that Humana profited from this miscategorization.

Plaintiff asserts four claims against Humana: (1) breach of contract for "improperly credit[ing] Part B charges to subscribers' Part D coverage;" (2) third party beneficiary breach of contract for "incorrectly credit[ing] Part B charges to [subscribers'] Part D coverage limits;" (3) breach of fiduciary duty for "improperly credit[ing] Part B charges to Part D coverage;" and (4) violations of Kentucky's consumer protection law for "improperly classify[ing] Part B charges as Part D charges." In Count V, Plaintiff alleges that Humana subcontracted out certain prescription drug and benefit management responsibilities to Caremark Rx, Inc. ("Caremark"). Plaintiff asserts a third party beneficiary breach of contract claim against Caremark, alleging that it breached its contract with Humana by "crediting . . . Part B drug charges to subscribers' Part D coverage."[3]

After setting forth the proper legal standards governing the exhaustion requirement for claims "arising under" the Medicare Act, Magistrate Judge Jenkins concluded that Plaintiff's contract claims (Counts I and II) were "inextricably intertwined" with claims for Medicare benefits, and therefore, the requirements of presentment and exhaustion must be met before seeking judicial review of those claims. With regard to Plaintiff's breach of fiduciary duty and

---

[3]Plaintiff seeks the following remedies: (1) certification of the class with the named plaintiff as the class representative; (2) "[a]n order enjoining defendants from improperly charging Part D those medicine charges that are properly chargeable to Medicare Part B;" (3) "[a]n order requiring defendants to pay as damages those out-of-pocket medical charges that plaintiff and the class have been required to pay because of defendants' improper classification of Part B medical charges;" (4) "[a]n order requiring disgorgement of all profits that defendants have enjoyed that are attributable to the incorrect classification of medical charges;" (5) reasonable attorneys' fees and costs; and (6) prejudgment interest.

statutory consumer protection claims (Counts III and IV), however, Magistrate Judge Jenkins concluded that the same presentment and exhaustion requirements did not apply.  The Magistrate Judge reasoned that, because Plaintiff's breach of fiduciary duty claim could result in an award of punitive damages, and because she is seeking disgorgement of profits as part of her requested remedy, that claim is not "inextricably intertwined" with her claim for reimbursement of benefits under the Medicare Act.  Likewise, the Magistrate Judge reasoned that Plaintiff's claim under Kentucky's Consumer Protection Act is not "inextricably intertwined" with a claim for benefits because, if she prevails on such a claim, she is eligible to recover punitive damages, attorneys' fees, and costs.  Accordingly, the Magistrate Judge recommended that the motions to dismiss the breach of fiduciary duty and statutory consumer protection claims be denied.

The Court, however, concludes that the cases the Magistrate Judge relied on to make that recommendation support a different conclusion.  Each of those cases involved claims that could not be remedied by the payment of Medicare benefits and were thus collateral to the issue of entitlement to Medicare benefits.  For example, in *Ardary v. Aetna Health Plans of California*, 98 F.3d 496, 499 (9th Cir. 1996), the Ninth Circuit considered whether the Medicare Act precluded the heirs of a deceased Medicare beneficiary from bringing a wrongful death claim, "when that claim [did] not seek recovery of Medicare benefits but instead [sought] compensatory and punitive damages" for failure to provide emergency medical services.  The court ruled that the heirs' tort claims for negligence, emotional distress, and misrepresentation were not "inextricably intertwined" with a claim for Medicare benefits because the claims were "predicated on" the failure to provide emergency medical services, and the heirs "*at bottom* [were] not seeking to recover *benefits*." *Id.* at 500.  Significantly, the injury sustained by the

beneficiary–wrongful death–"[could] not be remedied by the retroactive authorization or payment of" the emergency services. *Id.* Therefore, the claims did not "arise under" the Medicare Act and the exclusive administrative procedures outlined for resolution of benefit determinations did not preempt the tort claims. *Id.* at 501.

Likewise in *Hofler v. Aetna*, 296 F.3d 764 (9th Cir. 2002), the widow of a Medicare beneficiary filed suit against a health care provider for wrongful death, breach of fiduciary duty, unfair business practices, and other claims. She alleged that the health care provider had improperly withheld medically-necessary services, a decision that resulted in the beneficiary's delayed cancer diagnosis and ultimate death, because those services undercut the health care provider's profits. *Id.* at 766-67. Relying on the *Ardary* decision, the Ninth Circuit again found it significant that the beneficiary's injury would not be remedied by the payment of benefits: "[I]t is too late for the deceased [beneficiary] to get a second opinion about his esophageal cancer, have a biopsy to diagnose his prostate cancer, or receive treatment for his aneurysm." *Id.* at 769. The court again ruled that the tort claims were not "inextricably intertwined" with the denial of benefits. *Id.*

In *Kennedy v. Health Options, Inc.*, 329 F. Supp. 2d 1314, 1318 (S.D. Fla. 2004), the Southern District of Florida relied on *Ardary* and *Hofler* to find that a Medicare beneficiary's breach of contract and breach of fiduciary duty claims were not "inextricably intertwined" with a claim for Medicare benefits. The beneficiary alleged that she was injured after she fell in her home the same day her health care provider prematurely discharged her from the hospital. *Id.* at 1316-17. The court found it significant that the beneficiary was "not seeking declaratory or injunctive relief regarding Medicare benefits" or "reimbursement of wrongly denied benefits."

*Id.* at 1316.  Nor was she alleging "that [the health care provider] must cover a certain procedure either prospectively or retroactively."  *Id.* at 1317.  Rather, the beneficiary sought damages that resulted from the delay and denial of medical care, and such a claim is collateral to a claim for Medicare benefits.  *Id.* at 1318.

Here, however, the breach of fiduciary duty and consumer protection claims are "inextricably intertwined" with what is "in essence" a claim for Medicare benefits.  *See Heckler v. Ringer*, 466 U.S. 602, 624, 104 S. Ct. 2013, 2026, 80 L. Ed. 2d 622 (1984).  Using almost identical language in each of her five claims, Plaintiff alleges that Humana and Caremark improperly credited Part B charges to the Part D coverage limits, thereby causing her to be personally liable for expenses that should have been completely covered under her Part B coverage.  Nowhere does Plaintiff allege that she suffered an additional injury due to the denial of coverage that cannot be remedied through the payment of Medicare benefits.

The fact that Plaintiff also seeks disgorgement of profits, punitive damages, attorneys' fees, and costs for her tort claims, but not her contract claims, is an artificial distinction designed to "circumvent[] the administrative process by creatively styling [her] benefits claims as collateral [claims] not 'arising under' Medicare."  *United States v. Blue Cross & Blue Shield of Ala., Inc.*, 156 F. 3d 1098, 1104 (11th Cir. 1998); *see also Am. Acad. of Dermatology v. Dep't of Health & Human Servs.*, 118 F. 3d 1495, 1499 (11th Cir. 1997) (ruling that a claim seeking an order enjoining the Department of Health and Human Services from refusing to reimburse claims "clearly involves claims for benefits under the Medicare Act").  Her entitlement to additional *remedies* for her tort claims does not change the substance of the claims, which is that she had to incur costs that would have been covered by Medicare Part B if Defendants had not improperly

classified her benefit claims. The Court fails to recognize the distinction drawn in the Report and Recommendation between Plaintiff's contract claims in Counts I and II, and her tort and statutory claims in Counts III and IV.

Finally, with regard to Plaintiff's third party beneficiary breach of contract claim against Defendant Caremark Rx, Inc. (Count V), Magistrate Judge Jenkins recommended that this claim be dismissed with leave to amend. This recommendation was made not based on preemption or exhaustion, but rather, on the basis that Plaintiff had failed to allege a contractual relationship between Caremark and Humana that was sufficient to provide grounds for relief.

The Court declines to adopt that recommendation, and instead concludes that Count V should be dismissed for the same reasons articulated in Part C (1) and D of the Report and Recommendation regarding Plaintiff's contract claims against Humana. Like Plaintiff's contract claims against Humana, Plaintiff's third party beneficiary contract claim against Caremark is essentially a claim for reimbursement of benefits under the Medicare Act, regardless of whatever contractual relationship formed the basis of the contract claim.

Accordingly, it is **ORDERED AND ADJUDGED** that

(1) The Magistrate Judge's Report and Recommendation (Doc. No. 85) is adopted in part and incorporated in part by reference in this Order of the Court, as indicated above;

(2) Defendant Humana, Inc.'s Motion to Dismiss Counts I, II, III, and IV of Plaintiff's Amended Complaint (Doc. No. 43) is **GRANTED**;

(3) Defendant Caremark Rx, Inc.'s Motion to Dismiss Count V of Plaintiff's Amended Complaint (Doc. No. 57) is **GRANTED**;

   (4) As there are no remaining claims before the Court, the Clerk is directed to close this case.

**DONE AND ORDERED** at Tampa, Florida, this 24th day of September, 2007.

/s/ Susan C. Bucklew
SUSAN C. BUCKLEW
United States District Judge

Copies to:
The Honorable Elizabeth A. Jenkins
Counsel of Record